Joann **COLEMAN**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

Nos. 4636–4638.

District of Columbia Court of Appeals.

Argued Nov. 13, 1968.

Decided Feb. 25, 1969.

Jerry S. Byrd, Greenville, S. C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and GALLAGHER, Associate Judges.

**556**

HOOD, Chief Judge:

Appellant was convicted of disorderly conduct consisting of making harassing telephone calls to the home of Mrs. Jones.[1] Mrs. Jones testified that for a period of over two years her telephone would ring repeatedly during the day and night and when she answered the calls there would be no response. She complained to the telephone company and told the company she suspected the calls were made by appellant.

As a result of Mrs. Jones's complaint the telephone company installed at a wire center a device known as a line identifier which recorded the numbers dialed from appellant's telephone. The device did not record any conversation but merely registered the dial impulses comparable to telephone numbers. It registered a total of forty-seven calls from appellant's number to Mrs. Jones's number on three days.

 The only error claimed on appeal is that the trial court permitted Mr. Helvey, the security officer of the telephone company, to testify that the records of the company showed that a certain telephone number, the number from which the calls originated, was a private listing registered to appellant. The claim is that the records of the company should have been produced as the best evidence.

Prior to the testimony of Helvey concerning the records, a telephone technician had testified without objection that he had installed the line identifier in connection with the telephone numbers recorded to the defendant, Mrs. Joann Coleman, and the complainant. The same witness also testified that when "Mrs. Jones's phone received a call from Mrs. Coleman" the device dropped a double card; and that the cards

produced showed "selected calls that were made from the Coleman telephone into Mrs. Jones's." No objection was made to this testimony.

 Thus, prior to Helvey's testimony as to the number registered to appellant on the company's records, there was already in the case testimony that the line identifier had been connected to appellant's telephone. Helvey's testimony was, therefore, merely cumulative and its admission, if error, was harmless. Actually the objection went not to the appellant's telephone number, which was not in issue,[2] but to the accuracy of the company's procedure in registering the calls, and such accuracy was a question of fact for the trial court.

We find no error affecting the substantial rights of appellant.

Affirmed.

---

1. D.C.Code 1967, § 22–1107. Subsequent to trial of this case, Congress enacted legislation specifically prohibiting the making of obscene or harassing telephone calls in the District of Columbia or in interstate communication. Public Law 90–299 (May 3, 1968).

2. When appellant took the stand she did not contend that her number was other than that stated by Helvey. Her defense was that the calls may have been made by two other persons who had keys to her apartment.